JUAN ABARCA PORTILLA, demandante y recurrido, *v.* SECRE-
TARIO DE HACIENDA DE PUERTO RICO, demandado y re-
currente.█

*Número:* 12712     *Resuelto:* 1º de febrero de 1962

Francisco Espinosa, Jr., Secretario de Justicia Interino, Arturo
   Estrella, Secretario Auxiliar, Marcos Feliciano Crespo, Abo-
   gado, Departamento de Justicia, abogados del recurrente;
   Fiddler, González, Guillemard & Rodríguez y María Luisa
   B. Fuster, abogados del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández
   y los Jueces Asociados Señores Blanco Lugo y Dávila.

SENTENCIA

El recurrido Juan Abarca Portilla impugnó ante el Tri-
bunal Superior unas deficiencias que le notificó el Secretario
de Hacienda para los años 1946 a 1952, y que surgieron al
atribuirle dicho funcionario al contribuyente los ingresos
que tuvieron dos fideicomisos establecidos por Abarca a favor
de sus dos hijas menores de edad. Contra la sentencia que
anuló las deficiencias se interpuso el presente recurso de
apelación.

   1. Como en la escritura constitutiva de los fideicomisos
el fideicomitente Abarca renunció el usufructo que le con-
fiere la ley sobre los bienes de sus hijas menores, no puede
incluirse en su declaración individual las ganancias y utili-
dades producidas por los fideicomisos. Roig v. Srio. de Ha-
cienda, 84 D.P.R. 147 (1961); cfr. Serrallés Galiano v. Srio.
de Hacienda, 84 D.P.R. 11 (1961); Álvarez v. Secretario
de Hacienda, 80 D.P.R. 16 (1957).

   2. Examinados detenidamente los términos de constitu-
ción de los fideicomisos, tampoco puede sostenerse la actua-
ción administrativa bajo las disposiciones de las secciones
15(a), 20(g) y 20(h) de la Ley de Contribución sobre

Ingresos de 1924, 13 L.P.R.A. secs. 694(a), 699(g) y 699(h). Los hechos del presente caso son sustancialmente idénticos a los que consideramos en *Boscio* v. *Srio. de Hacienda*, 84 D.P.R. 412 (1962). A lo allí expuesto en cuanto a los principios de ley aplicables nada tenemos que añadir. ■

Es conveniente aclarar que en el caso de *Boscio* sostuvimos la inclusión en el ingreso bruto del contribuyente de aquellas cantidades que no se acumularon al *corpus* y que, a discreción del fiduciario, se entregaron a los fideicomisarios, porque "en cuanto a estas cantidades específicas se refiere no puede eliminarse la posibilidad de que se utilicen para cubrir atenciones de los menores", especialmente *"en ausencia de prueba de que no se utilizaron para ello"*. Indicamos además correspondía al contribuyente establecer que, aunque sus hijos recibieron esta parte de los ingresos del fideicomiso, cumplió la obligación de alimentar que le impone la ley con sus bienes o ingresos personales. Precisamente en el presente caso se estableció satisfactoriamente que "en la educación, cuidado y mantenimiento de las beneficiarias, los ingresos de los fideicomisos no han sido utilizados", que "nunca [se] ha[n] repartido beneficios o ingresos de esos fideicomisos a las hijas del demandante", y que "las hijas menores del demandante han seguido manteniéndose y viviendo, desde 1942, en el mismo nivel social sostenido por la familia antes del establecimiento de los fideicomisos". ■

En cuanto a la mera posibilidad de que los fondos puedan ser utilizados de acuerdo con los términos del fideicomiso para cubrir las atenciones de las menores "si se diese el caso de que las beneficiarias o fideicomisarias, antes de llegar a su mayoría de edad, *quedasen huérfanas*, sin otros medios de fortuna, o sin ingresos suficientes para su mantenimiento", este solo hecho no autoriza la inclusión de los ingresos del fideicomiso en la declaración del contribuyente aun cuando adoptáramos la interpretación que de dicha cláusula

se propone el Secretario en su alegato,(1) ya que la opinión de *Helvering* v. *Stuart*, 317 U.S. 154 (1942) no puede leerse haciendo completa abstracción de los hechos allí envueltos, ni tampoco desvinculada de decisiones posteriores que interpretaron su alcance. Véanse, *Hamiel's Estate* v. *Commissioner*, 253 F.2d 787 (C.A. 6, 1958); *Hopkins* v. *Commissioner*, 144 F.2d 683, 692 (C.C.A. 6, 1944); *Commissioner* v. *Katz*, 139 F.2d 107 (C.C.A. 7, 1943).

*Se confirma la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 6 de junio de 1958.*

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente.

(Fdo.) Luis Negrón Fernández,
*Juez Presidente.*

Certifico: (Fdo.) Ignacio Rivera,
*Secretario.*

---

(1) Claramente los fideicomitentes intentaron proveer para el caso único de la orfandad de sus hijas bien sin otros medios de fortuna o sin medios suficientes, y en tal caso no existiría obligación de los padres de alimentar, pues la misma cesa con la muerte del alimentante.